*NOT FOR PUBLICATION*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. McGILLVARY,<br><br>                           Plaintiff,<br><br>v.<br><br>TODD GRANDE,<br><br>                          Defendant. | Civil Action No. 21-14015 (FLW)<br><br><br>**OPINION** |

**WOLFSON, Chief Judge:**

Caleb McGillvary ("Plaintiff"), proceeding *pro se*, filed this suit against Todd Grande ("Defendant"), alleging that Defendant defamed Plaintiff in a YouTube video, resulting in emotional distress and reputational damage, among other things.  Presently before this Court is Defendant's Motion to Dismiss, which seeks dismissal of Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(1), 12(h)(3), 12(b)(2), and 12(b)(6).  For the reasons set forth below, this Court lacks personal jurisdiction over Defendant, and therefore, Defendant's Motion to Dismiss is **GRANTED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an individual currently incarcerated in Trenton, New Jersey.[1]  ECF No. 1 ("Complaint"), Compl. at 1.  Plaintiff has provided no information as to his domicile prior to incarceration in New Jersey.[2]  Defendant, a Delaware resident, is a licensed mental health therapist

---

[1] Plaintiff was convicted of first-degree murder.  ECF No. 8-2 ("Grande Decl.") ¶ 8.

[2] It is Plaintiff's burden to show that there is diversity jurisdiction.  *Gould Electronics v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000) ("The plaintiff has the burden of persuasion to convince the court it

and counselor with a master's degree in Community Counseling and a Ph.D. in Counselor Education and Supervision.  Grande Decl. ¶¶ 11-12.[3]  According to Defendant, he does not have any personal or professional presence in the state of New Jersey, nor has he ever advertised, advised, or sought business opportunities in New Jersey.  *Id* ¶¶ 15-16.

Defendant operates a YouTube channel[4] ("YouTube Channel") where he publishes videos analyzing mental health topics from a scientific perspective.  *Id*. ¶ 5. These videos, on occasion, have included examining the mental health of public figures, such as Jeffrey Dahmer, Lorena Bobbitt, Gabby Petito, Norm Macdonald, and Alicia Head.  *Id*. ¶¶ 5, 14.  As of the filing of Defendant's affidavit, the YouTube Channel had 873,117 subscribers.  *Id*. ¶ 6.  On March 6, 2021, Defendant published a video to his YouTube Channel entitled, "Kai the Hitchhiker | Analysis of 'Hatchet-Wielding' Personality,"[5]  where Defendant discussed Plaintiff's biography, the viral news video that made Plaintiff famous,[6] and the event that resulted in Plaintiff's current incarceration; he then provided a mental health analysis of Plaintiff.  *Id*. ¶¶ 7, 8.

---

has jurisdiction.").  Based on what the Court can discern from the Complaint and the materials referenced by the Complaint, Plaintiff is Canadian-born, and prior to his incarceration, he did not maintain a permanent domicile while traveling throughout the United States.  Plaintiff alleges, in light of his incarceration, that he is a citizen of New Jersey.  Compl. at 3.  Regardless of whether Plaintiff is a foreign national or a citizen of another state, Plaintiff is diverse from Defendant, a Delaware resident, because Plaintiff has not alleged, and Defendant has not argued, that Plaintiff is a citizen of Delaware.  Notably, Defendant also argues that Plaintiff has failed to show by a preponderance of the evidence that Plaintiff has met the amount in controversy requirement under 28 U.S.C. § 1332(a).  ECF No. 12, Reply to Opp. to Mot. to Dis. at 3.  Because I find that this Court does not have personal jurisdiction over Defendant, I need not reach a conclusion as to subject matter jurisdiction.

[3] On a Rule 12(b)(2) motion, the parties may submit sworn affidavits or other competent evidence related to personal jurisdiction.  *See Cerciello v. Canale*, 563 Fed. App'x 924, 925 n.1 (3d Cir. 2014).

[4] www.youtube.com/c/toddgrande

[5] www.youtube.com/watch?v=XuW1jmxCgjc

[6] In 2013, while hitchhiking in California, Plaintiff rescued a California utility worker being assaulted by attacking the perpetrator with a hatchet.  Suzanne Russell, *'Kai the hitchhiker' found guilty of NJ attorney's murder*, COURIER NEWS AND HOME NEWS TRIBUNE (May 30, 2019),

On July 22, 2021, Plaintiff filed the present suit, alleging that Defendant's YouTube video contained slanderous remarks defaming Plaintiff.  Compl. at 3.  According to Plaintiff, this video caused mental anguish, emotional distress, damage to his reputation, damage to the marketability of his personality and intellectual property, loss of future earnings, and loss of revenue from social media and crowdfunding.  *Id*. at 4.  As to damages, Plaintiff requests $2,908,630.08, which is the amount of ad revenue Plaintiff believes Defendant has received from the video, as well as injunctive relief removing the video from all platforms and forcing Defendant to surrender to Plaintiff the proceeds from, and ownership of, Defendant's YouTube channel and associated Patreon account.  *Id*.  On October 19, 2021, Defendant moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, personal jurisdiction, and failure to state a claim.  ECF No. 8, ("Motion to Dismiss").

## II.    STANDARD OF REVIEW

"A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law."  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing Fed. R. Civ. P. 4(e); *see also Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 144 (3d Cir. 1992)).  "[T]he New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process."  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (citations omitted).

In the context of a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "when the court does not hold an evidentiary hearing on the motion

---

https://www.mycentraljersey.com/story/news/crime/2019/04/24/kai-hitchhiker-found-guilty-murder-nj/3564566002/.  Following the attack, Plaintiff took part in a colorful interview with a local news reporter near the scene of the incident.  *Id*.  The video of the interview went viral, and eventually garnered over 1 million views on YouTube.  *Id*.

to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc.*, 384 F.3d at 97; *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003).  Still, plaintiff "'bears the burden to prove, by a preponderance of the evidence,' that personal jurisdiction is proper." *Cerciello v. Canale*, 563 Fed. App'x at 925 n.1 (quoting *Carteret Sav. Bank, FA*, 954 F.2d at 146).  In order "[t]o meet that burden, [plaintiff] must 'establish[] jurisdictional facts through sworn affidavits or other competent evidence.'" *Id.* (quoting *Miller Yacht Sales, Inc.*, 384 F.3d at 101 n.6).  "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004) (citing *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992)).

To subject a defendant to personal jurisdiction in New Jersey, Due Process requires that the defendant "have certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. and Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Calder v. Jones*, 465 U.S. 783, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).  "Personal jurisdiction may be exercised under two distinct theories, a defendant's general or claim-specific contacts with the forum." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001); *Bristol–Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1779-80 (2017).

Here, Plaintiff is proceeding *pro se*. "The obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "Courts are to construe complaints so as to do substantial justice, keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (internal quotation marks and citation omitted). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "[T]here are limits to [the court's] procedural flexibility . . . . [P]ro se litigants still must allege sufficient facts in their complaints to support a claim." G*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282.

## III.   DISCUSSION

Defendant argues that this Court does not possess general or specific jurisdiction over him. In particular, Defendant attests that he does not have any personal or professional ties to New Jersey. Grande Decl. ¶ 15. Defendant also asserts that neither his YouTube channel, nor the specific video at issue, are purposely directed at New Jersey as his videos are passive rather than interactive, *i.e.*, viewers can watch Defendant's videos regardless of location. Mot. to Dis. at 17. I find that the Court lacks personal jurisdiction over Defendant.

### A. General Jurisdiction

General jurisdiction refers to a court's power to "hear any and all claims" against a defendant. *Goodyear*, 564 U.S. 915, 919 (2011). In that connection, a defendant is subject to general jurisdiction in his or her home state – the individual's domicile. *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) ("[A]n 'individual's domicile,' or home, constitutes the paradigmatic 'forum for the exercise of general jurisdiction.'") (*quoting Daimler AG*, 571 U.S. at 137). Relevant here, for general jurisdictional purposes, an interactive website alone is insufficient to create general jurisdiction. *See Toys "R" Us*, 318 F.3d at 454 ("[T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world.").

I find that this Court does not have general jurisdiction over the Defendant. As Plaintiff admits, Defendant's domicile is clearly Delaware. *See* Opp. to Mot. to Dis. at 3 ("Defendant is a citizen of Delaware."). Defendant resides in Delaware, and has worked as a therapist, counselor, and associate professor in Delaware. Grande Decl. ¶¶ 12, 15. According to Defendant, he does not have any personal or professional presence in the state of New Jersey, nor has he ever advertised, advised, sought clientele, or pursued business opportunities in New Jersey. *Id* ¶¶ 15, 16. Defendant further attests that he has never maintained a bank account, obtained a phone line, held a professional license, and neither owned nor rented property in New Jersey. *Id*. ¶¶ 17-20. Indeed, there are no facts in the Complaint or Defendant's declaration indicating that Defendant has any ties whatsoever to New Jersey. As such, this Court does not have general jurisdiction over Defendant.

**B.  Specific Jurisdiction**

In the absence of general jurisdiction, a plaintiff may rely on specific jurisdiction where the cause of action is related to, or arises out of, the defendant's contacts with the forum.  *IMO Indus., Inc.*, 155 F.3d at 259.  In analyzing a defendant's contacts, the Court must look "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  *Walden v. Fiore*, 571 U.S. 277, 285 (2014).  Practically, this means that "the plaintiff cannot be the only link between the defendant and the forum.  Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."  *Id*.

To establish specific jurisdiction over a nonresident defendant in an intentional tort case, such as defamation, the Court applies the three-pronged *Calder* "effects" test.  *IMO Indus.*, 155 F.3d at 261 ("[A] court may exercise personal jurisdiction over a nonresident defendant who commits an intentional tort by certain acts outside the forum which have a particular type of effect upon the plaintiff within the forum.").  The three requirements are:

> First, the defendant must have committed an intentional tort.  Second, the plaintiff must have felt the brunt of the harm caused by that tort in the forum, such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of the tort.  Third, the defendant must have expressly aimed his tortious conduct at the forum, such that the forum can said to be the focal point of the activity.

*Id*. at 256.  The Third Circuit has "consistently emphasized that the [effects test of] *Calder* should be applied narrowly."  *Marks v. Alfa Group*, 369 Fed. App'x 368, 370 (3d Cir. 2010).

Here, after liberally construing the pleadings, I find that Plaintiff has not met the *Calder* test.  Even if this Court assumes that Defendant has met the first two prongs, Plaintiff has plainly not satisfied his burden as to the third prong.  Plaintiff argues that this Court has specific jurisdiction because Defendant "continuously and systematically" broadcasts his videos to, and

solicits funds from, New Jersey for commercial purposes.  Opp. to Mot. to Dis. at 4.  But this, alone, is insufficient.  *See Weerahandi v. Shelesh*, No. 16-06131, 2017 WL 4330365, at *5 (D.N.J. Sept. 29, 2017) ("Individual Defendants may have an enormous audience in New Jersey for their YouTube channel, and that audience may provide Individual Defendants with substantial revenue, but those facts are not sufficiently related to Individual Defendants' connections to New Jersey for the purposes of Plaintiff's claims.").  Plaintiff avers no specific facts indicating that Defendant *expressly aimed* the relevant video at New Jersey, rather than to the general public nationwide. And such facts are necessary, as Due Process requires that a defendant "purposely avails" himself or herself of a forum, which "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated contacts[.]'"  *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S 286, 295 (1980)).  As such, the Third Circuit has cautioned that "the mere posting of information or advertisements on an internet website," without express aim at a forum, "does not confer . . . personal jurisdiction."  *Remick*, 238 F.3d at 259 n.3 ("Given that the website was intended to provide information . . . [and] it was accessible worldwide, there is no basis to conclude that the defendants expressly aimed their allegedly tortious activity at Pennsylvania knowing that harm was likely to be caused there."); *see Pool & Spa, Enclosures, LLC v. Aqua Shield, Inc.*, No. 16-3418, 2016 WL 7325476, at *3 (D.N.J. Dec. 16, 2016) ("[A]ssuming that Defendant was responsible for posting this [YouTube] video and that video did harm Plaintiff, the video is informational only and is not sufficient to establish personal jurisdiction over the party responsible for posting it in any location where the video may be accessed.").  Finding personal jurisdiction in such a situation would theoretically subject Defendant to "nationwide personal jurisdiction," a concept inherently inconsistent with Due

Process.  *Remick*, 238 F.3d at 259 n.3; *see Int'l Shoe*, 326 U.S. at 316 ("[I]n order to subject a defendant to a judgment in personam, if he not present within the territory of the forum, he [must] have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (citation omitted))

Plaintiff has failed to meet his burden of showing that Defendant's video was expressly aimed at New Jersey.  Defendant's YouTube Channel and its videos are passive, *i.e.*, Defendant's videos are intended for a wide audience and may be viewed by any person in any location.  Grande Decl. ¶¶ 22-23.  The relevant video in this matter is typical of Defendant's YouTube Channel, where Defendant often publishes informational videos about the mental health of public figures, among other videos about a wide variety of mental health topics.  *Id*. ¶¶ 5, 14.  And while Defendant did publish a video specifically about Plaintiff, this, alone is not enough for this Court to establish personal jurisdiction over Defendant.  A "plaintiff cannot be the only link between the defendant and the forum."  *Walden*, 571 U.S. at 285.  Other than his mere presence in the state, Plaintiff has alleged no facts indicating that the relevant video is expressly aimed at New Jersey.  Nor has Plaintiff provided any other relevant links between Defendant and New Jersey that might be indicia of express aim at New Jersey.  Defendant does not have a personal or professional presence in New Jersey, nor has he ever advertised, advised, or sought business opportunities specifically in New Jersey.  *Id*. ¶ 16.  For these reasons, I find that this Court does not have specific jurisdiction or general jurisdiction over Defendant.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** without prejudice.  Plaintiff may refile this matter in a more appropriate forum, where personal jurisdiction can be exercised over Defendant.

Date: May 6, 2022                                    /s/ Freda L. Wolfson
                                                     Hon. Freda L. Wolfson
                                                     U.S. Chief District Judge