CHAMBERS OF
FREDA L. WOLFSON
CHIEF JUDGE

Clarkson S. Fisher Federal Building
& U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

## LETTER ORDER

July 7, 2022

Caleb L McGillvary, *pro se* Plaintiff
#1222665/SBI#102317G
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

Glenn R. Reiser, Esq.
Shapiro Croland Reiser Apfel & Di lorio, LLP
411 Hackensack Ave.
Hackensack, New Jersey 07601

RE:        *McGillvary v. Grande*
            **Civ. Action No. 21-14015 (FLW)**

Litigants:

Before the Court is Plaintiff Caleb McGillvary's ("Plaintiff") Motion for Reconsideration

of the Court's Opinion and Judgment granting Defendant Todd Grande's ("Defendant") Motion

to Dismiss. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court incorporates the facts from its Motion to Dismiss Opinion and discusses only

those facts relevant to the present Motion. *See McGillvary v. Grande*, No. 21-14015, 2022 WL

1442241 (D.N.J. May 6, 2022).

On July 22, 2021, Plaintiff filed a complaint alleging that Defendant defamed Plaintiff in

a YouTube video, resulting in emotional distress and reputational damage, among other things.

1

ECF No. 1 ("Complaint"). Defendant moved to dismiss the Complaint on October 19, 2021, arguing, *inter alia*, that this Court lacked personal jurisdiction over Defendant. ECF No. 8 ("Motion to Dismiss"). On May 6, 2022, this Court determined that it lacked general and specific jurisdiction over Defendant. *McGillvary*, 2022 WL 1442241, at *5. As to general jurisdiction, I found that Defendant's domicile is Delaware, and thus, he cannot be considered at home in New Jersey. *Id*. at *3. As to specific jurisdiction, I concluded that Plaintiff failed to sufficiently allege that Defendant's video about Plaintiff was expressly aimed at New Jersey, rather than being an informational video intended for the public at large. *Id*. at *5; *see Calder v. Jones*, 465 U.S. 783 (1984). For these reasons, I granted Defendant's Motion to Dismiss. *Id*. In so doing, I noted that "Plaintiff may refile this matter in a more appropriate forum, where personal jurisdiction can be exercised over Defendant." *Id*. Instead of filing this matter in another forum, Plaintiff filed the present Motion for Reconsideration on May 31, 2022. ECF No. 18 ("Motion for Reconsideration").[1]

## II.     LEGAL STANDARD

Fed. R. Civ. P. 59(e) and Local Rule 7.1 govern motions for reconsideration. Pursuant to Local Rule 7.1(i),

> [u]nless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the

---

[1] Plaintiff filed this Motion as a "motion to amend the judgment under Rule 52(b) and/or Rule 59," Mot. for Rec. at 1. The Third Circuit has stated that "a motion for reconsideration [i]s the 'functional equivalent' of a Rule 59(e) motion to alter or amend the judgment." *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (quoting *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). As such, the Court will treat the present Motion as a motion for reconsideration.

party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.[2]

Courts may grant a motion for reconsideration "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Riggins v. Banos*, No. 18-12877, 2021 WL 22472, at *1 (D.N.J. Jan. 4, 2021) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Because the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence," *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), parties "may not" use motions for reconsideration to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment[,]" *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). In light of these narrow purposes, a motion for reconsideration is considered an "extraordinary remedy" that is "to be granted sparingly." *Rodriguez v. Comm'r of Soc. Sec.*, No. 14-7320, 2018 WL 6171889, at *1 (D.N.J. Nov. 26, 2018) (internal quotation and citation omitted).

## III.   **DISCUSSION**

First, as an initial matter, Plaintiff requests that this Court grant jurisdictional discovery under Fed. R. Civ. P. 56(d) because, according to Plaintiff, discovery of Defendant's emails and

---

[2] Defendant argues that because this Court filed its Opinion on May 6, 2022, and Plaintiff's Motion was filed on May 31, 2022, the Motion is untimely under Local Rule 7.1(i). Def. Opp. at 6. Plaintiff responds that because Fed. R. Civ. P. 59(e) provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment," the motion is timely. Pl. Reply Br. at 4; *see Smart v. Aramark Inc.*, 618 Fed. App'x 728, 729 n.2 (3d Cir. 2015) ("We note, however, that Local Rule 7.1(i) explicitly states that it does not supersede Rule 59(e)."). I agree with Plaintiff, and find that the motion is timely pursuant to Rule 59(e), even if this Court is treating the Motion as one for reconsideration. *See* n.1, *supra*.

YouTube activity will provide the evidence necessary to prove the claim-specific nexus between Defendant and New Jersey. Mot. for Rec. at 8; ECF 18-3, McGillvary Decl. ¶ 5. Second, Plaintiff argues that he did, indeed, sufficiently allege that this Court has specific jurisdiction over Defendant. Plaintiff contends that he met the *Calder* effects test[3] because after sending a cease-and-desist letter to Defendant from his prison in New Jersey, Defendant removed the original video about Plaintiff, edited it, and then re-posted it.[4] Mot. for Rec. at 5-6. In Plaintiff's view, because Defendant was now aware that Plaintiff was located in New Jersey, Defendant knew that when he re-posted the video, the focal point of Plaintiff's harm would be in New Jersey, and therefore, Defendant expressly aimed his re-posted video at New Jersey, thereby conferring specific jurisdiction.

### A. Jurisdictional Discovery

First, I deny Plaintiff's request for jurisdictional discovery. Here, confusingly, and although the current procedural posture is a reconsideration of a motion to dismiss, Plaintiff requests discovery under Rule 56(d)[5], which allows courts to grant discovery of essential facts unavailable to a nonmovant during *summary judgment* proceedings. While such a request would appear to be premature at this stage of the litigation, in light of this Court's obligation to liberally

---

[3] To establish specific jurisdiction over a nonresident defendant in an intentional tort case, the Court applies the three-pronged *Calder* effects test: "First, the defendant must have committed an intentional tort. Second, the plaintiff must have felt the brunt of the harm caused by that tort in the forum, such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of the tort. Third, the defendant must have expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

[4] Specifically, Plaintiff's Complaint alleges that after receiving Plaintiff's letter, Defendant re-posted the relevant video with the following statement at the beginning: "Just a reminder, I'm not diagnosing anybody in this video." Compl. at 3.

[5] Notably, Rule 56 is titled "Summary Judgment."

construe Plaintiff's moving papers, I interpret Plaintiff's request in two ways, both of which would be improper at this stage of proceedings.

The first is that Plaintiff is repeating an already-rejected argument from his Motion to Dismiss sur-reply. Specifically, Plaintiff's sur-reply argued that Defendant's sworn affidavit, which contained jurisdictional facts supporting Defendant's Motion to Dismiss, improperly presented matters outside the pleadings, and thus, pursuant to Rule 12(d), this Court was required to convert Defendant's Motion to Dismiss to a "Rule 56 [summary judgment] motion" and allow for discovery prior to the determination of any issues. ECF No. 13 at 2. This was incorrect, and as I noted in my Opinion, "[o]n a Rule 12(b)(2) motion, the parties may submit sworn affidavits or other competent evidence related to personal jurisdiction." *McGillvary*, 2022 WL 1442241, at *1 n.3 (citing *Cerciello v. Canale*, 563 Fed. App'x 924, 925 n.1 (3d Cir. 2014)). Therefore, because the Court already ruled on this issue, and Plaintiff has not asserted that there is a manifest error of law or fact as to that decision, I deny the request on this basis.

The second, and more likely, interpretation is that Plaintiff is instead making a request for jurisdictional discovery, which is a mechanism by which a district court can grant limited discovery at the motion to dismiss stage to "determine the nature and scope" of the moving defendant's contacts with the forum state "where the plaintiff has provided at least some evidence that a defendant has had some contact with the forum[] state" and the discovery "is critical to the determination of whether the court can exercise personal jurisdiction over the defendant." *Formula One Licensing BV v. F1 New Jersey, LLC*, 180 F. Supp. 3d 330, 333, 339 (D.N.J. 2015) (internal quotations and citations omitted). Such a discovery request would be fundamentally different from Plaintiff's sur-reply request. In essence, Plaintiff is requesting limited discovery for the purposes of determining jurisdictional facts at the motion to dismiss stage, whereas in the

sur-reply briefing, Plaintiff requests conversion of the Motion to Dismiss to a summary judgment motion, and in turn, summary judgment stage discovery pursuant to Rule 56. For this reason, it is clear Plaintiff's jurisdictional discovery argument is a new argument that was available to Plaintiff prior to the Motion to Dismiss Opinion. *See NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. at 516. As such, I deny Plaintiff's request on this basis, as well.[6]

### B. Specific Jurisdiction

As an initial matter, Plaintiff fails argue that there has been an intervening change in controlling law, that there is new evidence not available when the initial judgment was issued, or that there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Riggins*, 2021 WL 22472, at *1. Plaintiff, instead, presents a new angle to his already-briefed specific jurisdiction argument based on facts available to him prior to this Court's judgment. *See NL Indus., Inc*, 935 F. Supp. at 516 ("Reconsideration motions . . . may not be used . . . to raise arguments . . . that could have been raised prior to entry of judgment."). Because Plaintiff did not raise his cease-and-desist facts as part of his specific jurisdiction argument at the Motion to Dismiss stage, such an argument is beyond the Court's scope of review here, and for that reason alone, Plaintiff's motion for reconsideration must be denied.

Regardless, even if the Court were to consider the re-posted video as part of a specific jurisdiction analysis, Plaintiff would not establish a clear error of law or fact. In granting

---

[6] Even if Plaintiff had raised his request at the appropriate time, I would not grant jurisdictional discovery. Plaintiff has not provided "at least some evidence" that Defendant "has had some contact with the forum[] state." *Formula One*, 180 F. Supp. 3d at 339. In particular, Plaintiff has failed to rebut Defendant's detailed affidavit explaining that Defendant has no contacts with New Jersey, thereby showing that "jurisdictional facts remain in dispute." *Id*. ("Thus, courts in this Circuit have permitted jurisdictional discovery where the jurisdictional facts 'remain in dispute.'") (internal quotations and citation omitted). As such, I would deny Plaintiff's jurisdictional discovery request.

Defendant's Motion to Dismiss, this Court explained that although Defendant posted a video specifically about Plaintiff, that video was typical of Defendant's YouTube Channel, where Defendant commonly published informational videos about the mental health of public figures. *McGillvary*, 2022 WL 1442241, at *5. In that connection, the Court noted that Defendant's YouTube channel and its videos were passive, *i.e.*, that they were intended for a wide audience viewing from any location, and there were no facts indicating Defendant expressly aimed the video, or his content, at New Jersey. *Id*. For these reasons, the Court determined the relevant video, alone, was insufficient to support specific jurisdiction over Defendant, and that Plaintiff had "aver[red] no [other] specific facts indicating that Defendant *expressly aimed* the relevant video at New Jersey, rather than to the general public nationwide." *Id*. at *4 ("Finding personal jurisdiction in such a situation would theoretically subject Defendant to 'nationwide personal jurisdiction,' a concept inherently inconsistent with Due Process." (quoting *Remick v. Manfredy*, 238 F.3d 248, 259 n.3 (3d Cir. 2001))).

Taking Plaintiff's new argument under consideration, Plaintiff does not present a clear error of law or fact. This Court's Opinion did not rest on whether Defendant knew or did not know that Plaintiff was located in New Jersey. Rather, the Court's focus was on whether Defendant, consistent with Due Process, "purposely avail[ed]" himself of the forum, in this case, New Jersey, by posting his informational video about Plaintiff. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *WorldWide Volkswagen Corp. v. Woodson*, 444 U.S 286, 295 (1980)). Here, knowledge of Plaintiff's location does not change the purpose of the video—which was to provide mental health analysis to a wide audience—or the context in which it was posted—which was to Defendant's YouTube channel where he often posts similar videos. For this reason, Defendant's decision to remove, edit, and re-

post the relevant video does nothing to alter this Court's view that Defendant did not expressly aim the relevant video at New Jersey, but rather, he merely posted a video, which happened to be about Plaintiff, well within bounds of his typical YouTube practices. *See Remick*, 238 F.3d at 259 n.3. (noting that "the mere posting of information or advertisements on an internet website," without express aim at a particular forum, "does not confer . . . personal jurisdiction."). As such, Plaintiff's Motion for Reconsideration cannot be granted on this basis.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED**.[7]

Date: July 7, 2022

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

---

[7] Plaintiff also requests, for the first time, that this Court transfer this matter to the District of Delaware pursuant to 28 U.S.C. §§ 1404, 1406, and 1631. Plaintiff failed to request a transfer in his Motion to Dismiss briefing, and has not presented any facts for why he was unable to present this request previously. Therefore, I deny Plaintiff's request to transfer venue as this case has been dismissed. However, Plaintiff may, of course, refile his case is directly in Delaware.